Matter of Grogan (2019 NY Slip Op 01760)





Matter of Grogan


2019 NY Slip Op 01760


Decided on March 13, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-12979

[*1]In the Matter of Sean Grogan, admitted as John Gerard Grogan, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Sean Grogan, respondent. (Attorney Registration No. 2269165)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 31, 1989, under the name John Gerard Grogan. In a related proceeding under Appellate Division Docket No. 2017-10726, by decision and order on motion dated April 5, 2018, this Court, inter alia, immediately suspended the respondent from the practice of law upon a finding that he had engaged in professional misconduct immediately threatening the public interest.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On August 29, 2018, the respondent pleaded guilty before the Honorable Danny Chun, a Justice of the Supreme Court, Kings County, to one count of grand larceny in the second degree, in violation of Penal Law § 155.40(1), a class C felony.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b) based upon his felony conviction. Although the respondent was personally served with the motion to strike on October 31, 2018, he has neither opposed the motion nor interposed any response thereto.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of August 29, 2018.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Sean Grogan, admitted as John Gerard Grogan, is disbarred, effective August 29, 2018, and his name is stricken [*2]from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Sean Grogan, admitted as John Gerard Grogan, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Sean Grogan, admitted as John Gerard Grogan, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sean Grogan, admitted as John Gerard Grogan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court